UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GELITO RODRIGUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>STU SHERMAN, Warden,<br><br>  Respondent. | Case No. CV 15-1307 ODW(JC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE |

## I. SUMMARY

On February 24, 2015, petitioner Jose Gelito Rodriguez ("petitioner"), a California prisoner who is proceeding pro se, formally filed a Petition for Writ of Habeas Corpus ("Current Federal Petition") with exhibits ("Petition Exhibits" or "Petition Ex.") and an Election Regarding Consent to Proceed Before a United States Magistrate Judge which reflects that he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.[1]

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v.

(continued...)

The Current Federal Petition challenges petitioner's 1984 conviction following a guilty plea in Los Angeles County Superior Court Case No. A384310 ("State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[2]

///
///
///
///
///
///

---

[1](...continued)
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (internal quotation marks and citation omitted). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, No. CV 12-05184 SS, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

[2]Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

## II. PROCEDURAL HISTORY[3]

### A. State Conviction, Direct Appeal, and State Habeas Petitions

On June 15, 1984, petitioner pleaded guilty to second degree murder in Los Angeles County Superior Court. Petitioner thereafter sought to withdraw his guilty plea. On July 20, 1984, the trial court denied petitioner's motion to withdraw his guilty plea, and sentenced petitioner to fifteen years to life in prison. Petitioner attempted to file a notice of appeal on August 20, 1984, but was notified that the appeal would not be perfected absent a certificate of probable cause. Such a certificate was never granted.[4]

On September 10, 1993, petitioner filed a habeas petition in the California Supreme Court which was denied on October 27, 1993.

On or about April 11, 1997, petitioner filed a habeas petition in the Los Angeles County Superior Court which was denied on April 30, 1997.

On or about August 29, 2005, petitioner filed another habeas petition in Los Angeles County Superior Court which was denied on September 27, 2005.

---

[3] The facts and procedural history set forth in this section are derived from the Petition Exhibits, California Court of Appeal and California Supreme Court dockets available via http://appellatecases.courtinfo.ca.gov of which this court takes judicial notice and court records in the Central District of California (CDCA), the Ninth Circuit, and the United States Supreme Court ("USSC") in the following cases of which this Court takes judicial notice: (1) Jose Gelito Rodriguez v. Kirkland, CDCA Case No. No. CV 06-7141 ODW(JC) ("First Federal Petition" or "First Federal Action"); (2) Rodriguez v. Kirkland, Ninth Circuit Case No. 08-55032 ("Ninth Circuit Action"); and (3) Jose Gelito Rodriguez v. Robert Horel, USSC Case No. 08-55032 ("U.S. Supreme Court Action"). See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

[4] Between March 17, 1989, and October 5, 1992, petitioner filed a series of motions in the California Court of Appeal seeking permission to file a belated "Notice of Appeal." The California Court of Appeal denied such motions between October 29, 1992 and August 31, 1993. On or about January 29, 1996, petitioner also filed a petition for mandate which was denied by the California Court of Appeal on February 16, 1996. On May 16, 1996, petitioner also appears to have sent a letter request to the Los Angeles County Superior Court seeking clarification regarding a Notice of Appeal which was denied on the same date.

3

On October 17, 2005, petitioner filed a habeas petition in the California Court of Appeal which was denied on October 26, 2005.

On November 30, 2005, petitioner filed a habeas petition in the California Supreme Court which was denied on August 30, 2006.

On May 13, 2007, petitioner filed another habeas petition in the California Court of Appeal which was denied on March 21, 2007.

On March 9, 2012, petitioner filed another habeas petition in the California Court of Appeal which was denied on March 23, 2012.

On May 9, 2012, petitioner filed another habeas petition in the California Supreme Court which was denied on August 8, 2012.

Petitioner thereafter filed another habeas petition in Los Angeles County Superior Court which was denied on June 13, 2013.

On July 26, 2013, petitioner filed another habeas petition in the California Court of Appeal which was denied on August 29, 2013.

On December 9, 2013, petitioner filed a habeas petition in the California Supreme Court which was denied on February 19, 2014.

**B.    First Federal Petition/First Federal Action, Ninth Circuit Action and U.S. Supreme Court Action**

On November 7, 2005, petitioner filed the First Federal Petition in which he challenged his conviction in the State Case on multiple grounds. On October 23, 2007, judgment was entered denying the First Federal Petition with prejudice and dismissing the First Federal Action with prejudice based on the Court's determination that the First Federal Petition was untimely. On July 28, 2008, the Ninth Circuit denied petitioner's request for a certificate of appealability. On February 23, 2009, the U.S. Supreme Court denied petitioner's petition for a writ of certiorari.

///
///

### C. Current Federal Petition

As noted above, on February 24, 2015, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case. The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[5]

## III. DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence

---

[5]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); Reyes v. United States, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

///

///

## IV. ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.

DATED: February 27, 2015

                                        /s/
                        Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE